IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                              NO. 12-CR-50038-001

GINA MEJIA-SANCHEZ

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's pro se **Motion for Time Reduction (Doc. 36)**. For the reasons stated herein, the undersigned recommends that the Motion be denied.

On October 9, 2012, Defendant pled guilty to using a communication facility in facilitating a drug trafficking crime, in violation of 21 U.S.C. § 843(b). (Doc. 21.) On February 7, 2013, Defendant was sentenced to 46 months imprisonment and a $10,000.00 fine. No term of supervised release was imposed as it was anticipated that Defendant would be deported. (Doc. 30.) Defendant did not file a direct appeal. On February 11, 2014, Defendant filed the motion now before the Court seeking a reduction in her sentence, asserting that "[u]nder the authority of the Attorney General Memorandum dated April 28, 1995, the United States Attorney General can offer up to two (2) points toward a downward departure if the Defendant accepts a Final Deportation Order. Defendant hereby formally accepts said Order." (Doc. 36.)

Defendant has not identified any authority that would allow the Court to modify her sentence. Were the Court to construe Defendant's motion as seeking relief under 28 U.S.C. § 2255, it appears that her claim would be procedurally defaulted for failure to raise it in a direct appeal. See United States v. Hamilton, 604 F.3d 572, 574 (8th Cir. 2010) (claims not made during district court proceedings or on direct appeal are procedurally defaulted and may not be

AO72A
(Rev. 8/82)

raised for the first time in a § 2255 motion). Further, Fed. R. Crim. P. 35(b) does not provide any avenue for the Defendant to seek a sentence reduction, as it only authorizes a reduction based upon a motion made by the Government. The circumstances outlined in 18 U.S.C. § 3582(c) for the modification of a sentence are likewise inapplicable to the Defendant. In any event, Defendant is not entitled to a sentence reduction under the Attorney General Memorandum dated April 28, 1995, as Congress subsequently codified sentencing guidelines for alien defendants, rendering the Memorandum a "'dead letter.'" United States v. Mendez-Acosta, Nos. 10-CR-00476 & 12-CV-00973, 2013 WL 2405234, at *1 (D. Nev. May 31, 2013); see also Ramirez-Guzman v. United States, Nos. EP-12-CV-198-KC & EP–11-CR-416-KC-2, 2013 WL 5406664, at *3-4 (W.D. Tex. Sept. 25, 2013).

Based upon the foregoing, the undersigned recommends that Defendant's **Motion for Time Reduction (Doc. 36)** be **DENIED**. **The parties have fourteen days from receipt of the undersigned's report and recommendation in which to file written objections pursuant to 28 U.S.C. §636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of May, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE